| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br><br>Court Address:<br>100 Jefferson County Parkway<br>Golden, Colorado 80419<br><br>**Plaintiff:**<br><br>**Samuel Hernandez,**<br><br>v.<br><br>**Defendant:**<br><br>**Summit Family Restaurants Inc. d/b/a Casa Bonita.** | DATE FILED: September 30, 2020 2:33 PM<br>FILING ID: B856BAD2A287F<br>CASE NUMBER: 2020CV31186<br><br><br><br>▲ **COURT USE ONLY** ▲ |
| Attorney:  Claire E. Hunter, #39504<br>             Jesse K. Fishman, #44807<br>Address:   HKM Employment Attorneys LLP<br>             730 17th Street, Suite 750<br>             Denver, CO  80202<br>Phone No.:  720.668.8989<br>E-mail:    chunter@hkm.com<br>           jfishman@hkm.com | Case Number: _____<br><br>Ctrm.:              Div.: |
| **COMPLAINT** ||

Plaintiff, Samuel Hernandez ("Mr. Hernandez" or "Plaintiff"), by and through counsel HKM Employment Attorneys, LLP, hereby files his Complaint against Summit Family Restaurants Inc. d/b/a Casa Bonita ("Defendant" or "Casa Bonita") and alleges as follows:

## INTRODUCTION

1. This is an employment discrimination case arising from Defendant's failure to hire Plaintiff as a diver at Casa Bonita because of his age and/or perceived disability. Despite Plaintiff possessing all of the requisite qualifications for the diver position, Defendant failed to hire Plaintiff when it learned of his age. In fact, Defendant refused to allow Plaintiff to even audition for the position, relying on inaccurate and stigmatizing stereotypes about the abilities and/or perceived disabilities of older workers. As stated in a text message from one of Defendant's employees to Plaintiff: "due to your age [Defendant] won't let you [audition]."



2. Defendant's failure to hire Plaintiff not only reflects intentional and invidious discrimination, but also a system of hiring policies and procedures that disproportionately impact older workers and workers with actual or perceived disabilities. As illustrated in the statistics produced by the Defendant during the course of the Colorado Civil Rights Division's ("CCRD") investigation, Defendant failed to hire *any* workers who were forty or older for the diver positions during the relevant time period.

3. Defendant discriminated against Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").

## PARTIES

4. Plaintiff hereby incorporates all the paragraphs of this Complaint as though fully incorporated herein.

5. At all times pertinent to this Complaint, Plaintiff has been a Colorado resident.

6. At all times pertinent to this Complaint, Defendant has been a corporation conducting business within the State of Colorado, with its registered agent located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

7. At all times pertinent to this Complaint, Defendant has owned and operated the restaurant Casa Bonita, which is located at 6715 West Colfax Avenue, Lakewood, Colorado 80214.

## JURISDICTION AND VENUE

8. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

9. This Court has jurisdiction over this proceeding pursuant to C.R.S. § 13-1-124, as the Defendant resides in and/or conducted substantial business activities in Jefferson County Colorado at the times referenced in this Complaint.

10. Venue is proper pursuant to C.R.C.P. 98(c).

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

11. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

12. Plaintiff filed Charges of Discrimination, Numbers 32A-2019-00681 FE2020088051 and E2000006595 with the U.S. Equal Employment Opportunity Commission

("EEOC") and the Colorado Civil Rights Division ("CCRD"), respectively, against Defendant for age and disability discrimination on June 15, 2020.  Plaintiff was issued a Notice of Right to Sue with respect to the above Charge Numbers and has filed the instant action within ninety (90) days of receipt of same.

13.     Plaintiff has met all administrative prerequisites prior to filing this action.

## FACTUAL ALLEGATIONS

14.     Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

15.     Plaintiff, who is currently 76 years old, is an experienced and award-winning diver.  Plaintiff is the only American to twice win the World Class Diving Championships twice.  In fact, he set a record of 156 feet in 1977, and broke his own record with a 158-foot dive in 1979.  Plaintiff has also placed first in the Acapulco World Cliff Diving Championships.

16.     In light of this experience, Plaintiff contacted Defendant's restaurant, Casa Bonita, in Lakewood, Colorado – a restaurant that features live cliff divers as a form of entertainment for its guests.



17.     Specifically, Plaintiff contacted Casa Bonita in response to an advertisement Casa Bonita posted online in or around December of 2018 asking for qualified divers to apply for open diver positions at the restaurant.

18.     Plaintiff had the requisite qualifications for the position.

19. As stated in the advertisement, "[t]hose interested are encouraged to contact Casa Bonita to schedule an audition."

20. Despite inquiring about the open diving position, Plaintiff was not called to interview at that time.

21. In or around April or May of 2019, however, Defendant's hiring manager, Brandy, called Plaintiff expressing interest in hiring him for the very same position.

22. During this call, Brandy instructed Plaintiff to schedule an audition—a necessary step in the application process.

23. On or around May 4, 2019, Plaintiff sent Brandy a message regarding his credentials. In response, Brandy replied by stating: "Oh my goodness [emoji omitted] you are no joke when it comes to diving. Itd [sp] be an honor to have you apart [sp] of our dive team."

24. Plaintiff scheduled an audition with Defendant, which was to be held on May 14, 2019, and made arrangements to travel to Denver, Colorado for the audition.

25. On or around May 13, 2019, Plaintiff received the following text messages from Brandy:



26.     The following day, on May 14, 2019, Plaintiff went to Casa Bonita to speak to manager Rob Hall, as he has been instructed to do by Brandy.

27.     Plaintiff asked Rob Hall (Manager) why Defendant would not allow Plaintiff to audition for the open diving position. Mr. Hall responded by claiming that Plaintiff was "too old," and by asserting that "older people" have difficulty working "a full shift."

28.     Mr. Hall further told Plaintiff: "The problem is that I've dealt with older divers before. You are too old, and I can't understand why you want to be employed by Casa Bonita."

29.     Plaintiff described his experience and allocates in diving.

30. Nonetheless, Mr. Hall refused to let Plaintiff audition, and stated: "I'm 37 years old and I work out and do cardio and I can't keep up with these guys."

31. Rob Hall's statement revealed that he perceived Plaintiff's age to be directly related to his ability to do the job – either because of a perceived disability related to age and/or age itself.

32. Plaintiff trains regularly and knew that he could keep up with the employed divers, so he offered to run and/or swim to demonstrate his ability, but Mr. Hall refused to test Plaintiff's endurance or allow him to audition.

33. In making these comments, Defendant expressed its discriminatory belief that older workers, such as Plaintiff, suffer from disabilities which prevent them from engaging in the major life activity of working.

34. Despite informing Mr. Hall of his extensive qualifications, and offering to take any physical tests, Mr. Hall refused to allow Plaintiff to audition because of his age and/or perceived disability.

35. After Defendant refused to hire Plaintiff, the Defendant continued to hire for the open diver positions, as demonstrated by this hiring advertisement posted on May 31, 2019:



36. The discrimination suffered by Plaintiff, however, was not an anomaly. Rather, it was the product of Defendant's hiring policies and practices, which disproportionately exclude employees over the age of forty and/or who are disabled.

37. The CCRD issued a determination in Plaintiff's favor.

38. As explained in the CCRD's Determination – which was based on the CCRD's review of Defendant's hiring and employment records: "During the relevant time period, the [Defendant] employed 406 employees. Of the 406 employees, 72 (18%) are 40 or above, and 334 (82%) are under 40. **During the relevant time period, the [Defendant] employed 23 cliff divers. Of the 23 cliff divers, all (100%) were under 40, and the oldest was 33**." (emphasis added).

39. Upon information and belief, a statistically significant number of applicants for the diver position during this period of time were forty years of age and older.

## FIRST CLAIM FOR RELIEF
**Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621,** *et seq.*
*Failure to Hire – Disparate Treatment*

40. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

41. The ADEA provides that it "shall be unlawful for an employer" to "fail or refuse to hire […] any individual [who is at least forty years old]" because "of such individual's age." *See* 29 U.S.C. § 623(a)(1).

42. At all times pertinent to this Complaint, Defendant was an employer within the meaning 29 U.S.C. § 630, and employed twenty or more employees.

43. At all times pertinent to this Complaint, Plaintiff has been at least forty years old.

44. At all times pertinent to this Complaint, Plaintiff was qualified for the open diver positions in question.

45. Despite being qualified and applying for the open diver positions, Defendant refused to hire Plaintiff because of his age.

46. Upon information and belief, after Plaintiff's rejection, the position in question remained open and the Defendant continued to seek applicants from persons of Plaintiff's qualifications.

47. But-for Plaintiff's age, Defendant would have hired Plaintiff for the position in question.

48. Defendant's discriminatory conduct was willful and in knowing and/or reckless disregard of the requirements of the ADEA.

49. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered substantial economic and non-economic damages, and he is entitled to such damages, liquidated damages, and attorneys' fees and costs as permitted by law.

**SECOND CLAIM FOR RELIEF**
**Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621,** *et seq.*
*Failure to Hire – Disparate Impact*

50. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

51. At all times pertinent to this complaint, Defendant has been an employer within the meaning 29 U.S.C. § 630 and has employed twenty or more employees.

52. The ADEA prohibits employers from utilizing facially age-neutral policies that have a significant adverse disparate impact on qualified workers over the age of 40, such as Plaintiff, unless the employer can prove that disparate impact caused by the challenged policies and practices was premised on a "reasonable factor other than age." *See Smith v. City of Jackson*, 544 U.S. 228 (2005); *see also Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84 (2008).

53. Plaintiff was 40 years of age or older at the time Plaintiff was not hired.

54. The Defendant used a specific test, requirement, practice, and/or selection criteria that had a significantly adverse or disproportionate impact on employees 40 years of age or older.

55. Upon information and belief, the hiring and/or audition practices imposed by Defendant on persons seeking to fill the position of diver, had a significant adverse disparate impact on Plaintiff and other qualified applicants for employment over the age of 40 in violation of the ADEA.

56. The hiring processes and policies excluded Plaintiff and other similarly situated qualified older workers from consideration for the diver position without any reasonable basis for such exclusion and without individualized review of Plaintiff's qualifications.

57. The Defendant's test, requirement, practice, and/or selection criteria resulted in the Plaintiff not being hired.

58. While Plaintiff cannot provide the exact statistical impact without the benefit of discovery, the likelihood of a person over 40 being selected for the diver position given Defendant's hiring policies and practices would be substantially less than that of a person under age 40.

59. In doing so, Defendant discriminated against qualified applicants over the age of 40 in contravention of the prohibitions on age discrimination set forth in the ADEA.

60. Defendant's discriminatory conduct was willful and in knowing and/or reckless disregard of the requirements of the ADEA.

61. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered substantial economic and non-economic damages, and he is entitled to such damages, liquidated damages, punitive damages, and attorneys' fees and costs as permitted by law.

**THIRD CLAIM FOR RELIEF**
**Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111,** *et seq.*
*Failure to Hire (Perceived Disability) – Disparate Treatment*

62. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

63. The ADA prohibits covered employers from discriminating against individual applicants on the basis of disability and/or perceived disability. 42 U.S.C. § 12101.

64. At all times pertinent to this Complaint, Defendant was a covered employer under the ADA that employed at least fifteen employees.

65. A disability is defined under the ADA as: "(A) a physical or mental impairment that substantially limits or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

66. If an individual can show that a potential employer refused to hire him based on "myth, fear, or stereotype," including concerns regarding safety, insurance, and liability, the individual will satisfy the "regarded as" component of the definition of disability under the ADA. *See McKenzie v. Dovala*, 242 F.3d 967, 971 (10th Cir. 2001) (citing 29 C.F.R. pt. 1630).

67. Defendant's failure to hire Plaintiff was based on discriminatory stereotypes regarding safety and liability concerns. As noted in a text message from Defendant to Plaintiff: "they won't let you [audition] for liability and safety since we've had older people who can dive but can't work a shift because it's too much."

68. Accordingly, Plaintiff is a person with an actual and/or perceived disability within the meaning of the ADA as he was regarded as having a disability.

69. Plaintiff was qualified for the job and capable of performing the essential functions of his position with or without a reasonable accommodation.

70. Nevertheless, Defendant intentionally failed to hire Plaintiff because of his perceived disability in violation of the ADA.

71. Upon information and belief, after Plaintiff's rejection, the position in question remained open and the Defendant continued to seek applicants from persons of Plaintiff's qualifications.

72. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered significant economic and non-economic damages, and he is entitled to such damages and attorneys' fees and costs as permitted by law.

73. Defendant's engaged in the foregoing conduct with malice or reckless indifference to Plaintiff's rights under the ADA.

## FOURTH CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*
*Failure to Hire (Perceived Disability) – Disparate Impact*

74. Plaintiff hereby incorporates all the paragraphs of this Complaint as though set forth separately herein.

75. The ADA prohibits covered employers from discriminating against individual applicants on the basis of actual and/or perceived disability. 42 U.S.C. § 12101.

76. At all times pertinent to this Complaint, Defendant was a covered employer under the ADA that employed at least fifteen employees.

77. The ADA prohibits covered employers from implementing policies and/or procedures that are neutral on their face but which disproportionately effect individuals who are disabled. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-53 (2003).

78. Upon information and belief, the hiring and/or audition practices imposed by Defendant on persons seeking to fill the position of diver, had a significant adverse disparate impact on Plaintiff and other qualified applicants for employment who are disabled.

79. The hiring processes and policies excluded Plaintiff and other similarly situated qualified disabled workers from consideration for the diver position without any reasonable basis for such exclusion and without individualized review of Plaintiff's qualifications.

80. While Plaintiff cannot provide the exact statistical impact without the benefit of discovery, the likelihood of a person with a disability being selected for the diver position given Defendant's hiring policies and practices would be substantially less than that of a person without a disability.

81. In doing so, Defendant discriminated against qualified applicants who are disabled in contravention of the prohibitions on disability discrimination set forth in the ADA.

82. As a direct and proximate result of the foregoing violations of the ADA, Plaintiff has sustained significant economic and non-economic damages, and he is entitled to such damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor against Defendant and order the following relief as allowed by law:

A. Actual economic damages, as established at trial;

B. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, and garden-variety emotional distress, pain, inconvenience, mental anguish, and humiliation;

C. Liquidated damages;

D. Punitive damages, as permitted by law;

E. Attorneys' fees and the costs of this action, as permitted by law;

F. Statutory pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as this Court deems just and proper.

Dated this 30th day of September 2020.

Respectfully submitted,

HKM EMPLOYMENT ATTORNEYS LLP

By: */s/ Jesse K. Fishman*
Claire E. Hunter (39504)
Jesse K. Fishman (44807)
730 17th Street, Suite 750
Denver, CO 80202
(720) 668-8989
chunter@hkm.com
jfishman@hkm.com
*Attorneys for Plaintiff*
*Samuel Hernandez*