**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03156-LTB

SAMUEL HERNANDEZ,

Plaintiff,

v.

SUMMIT FAMILY RESTAURANTS INC. D/B/A CASA BONITA,

Defendant.

---

**SUMMIT FAMILY RESTAURANTS INC. D/B/A CASA BONITA'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

---

Defendant Summit Family Restaurants Inc. d/b/a Casa Bonita ("Summit"), by and through its counsel, MOYE WHITE LLP, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Samuel Hernandez ("Complaint") and states as follows:

## INTRODUCTION

1.  Summit admits that Plaintiff has filed claims under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disability Act ("ADA"). Summit denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.  Summit denies the allegations set forth in Paragraph 2 of the Complaint.

3.  Summit denies the allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4.  Summit incorporates its responses to Paragraphs 1-3 of the Complaint as if fully set forth herein.

5. Summit denies the allegations set forth in Paragraph 5 of the Complaint. Summit understood Plaintiff to be a resident of the State of New Mexico in and around May 2019.

6. Summit admits that it is a corporation authorized to do business in the State of Colorado with its registered agent located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

7. Summit admits it owns and operates Casa Bonita, which is located at 6715 West Colfax Avenue, Lakewood, Colorado 80214.

## JURISDICTION AND VENUE

8. Summit incorporates its responses to Paragraphs 1-7 of the Complaint as if fully set forth herein.

9. Summit denies the allegations set forth in Paragraph 9 of the Complaint. Jurisdiction is proper in the United States District Court for the District of Colorado.

10. Summit denies the allegations set forth in Paragraph 10 of the Complaint.

## RESPONSE TO ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

11. Summit incorporates its responses to Paragraphs 1-10 of the Complaint as if fully set forth herein.

12. Summit admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Colorado Civil Rights Division against Summit asserting claims of age and disability discrimination. Summit is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and, therefore, denies the same. Summit denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. Summit denies the allegations set forth in Paragraph 13 of the Complaint.

**FACTUAL ALLEGATIONS**

14. Summit incorporates its responses to Paragraphs 1-13 of the Complaint as if fully set forth herein.

15. Summit is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore, denies the same.

16. Summit admits cliff divers perform at Casa Bonita as a form of entertainment for Casa Bonita guests. However, Summit states that Plaintiff contacted Casa Bonita exclusively to request that he be permitted to use Casa Bonita's cliff diving facilities to perform a publicity stunt that would be filmed and, presumably used by Plaintiff to seek money to fund one of his upcoming cliff dives in Mexico.  Summit is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations set forth in Paragraph 16 of the Complaint, and, therefore, denies all remaining allegations set forth in Paragraph 16 of the Complaint.

17. Summit is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore, denies the same.

18. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and, therefore, denies the same.

19. Any advertisement posted by Summit speaks for itself and Summit denies any allegations set forth in Paragraph 19 of the Complaint that are inconsistent with any such advertisement. Summit denies any remaining allegations set forth in Paragraph 19 of the Complaint.

20. Summit denies that Plaintiff inquired about an open diving position. Summit states that Plaintiff did not submit a job application for any open diving position and, therefore, Plaintiff was not contacted by Summit for a job interview. Summit denies any remaining allegations set forth in Paragraph 20 of the Complaint.

21. Summit denies the allegations set forth in Paragraph 21 of the Complaint.

22. Summit denies the allegations set forth in Paragraph 22 of the Complaint.

23. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and, therefore, denies the same. However, any such "message" speaks for itself and Summit denies any allegations set forth in Paragraph 23 of the Complaint that are inconsistent with any such message. Summit denies any remaining allegations set forth in Paragraph 23 of the Complaint.

24. Summit denies the allegations set forth in Paragraph 24 of the Complaint.

25. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and, therefore, denies the same. However, any such "message" speaks for itself and Summit denies any allegations set forth in Paragraph 25 of the Complaint that are inconsistent with any such message. Summit denies any remaining allegations set forth in Paragraph 25 of the Complaint.

26. Summit denies the allegations set forth in Paragraph 26 of the Complaint.

27. Summit denies the allegations set forth in Paragraph 27 of the Complaint.

28. Summit denies the allegations set forth in Paragraph 28 of the Complaint.

29. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and, therefore, denies the same.

30.     Summit denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Summit denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and, therefore, denies the same.

33.     Summit denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Summit denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Summit admits it advertised and hired qualified individuals who applied for open positions. While the image included in Paragraph 35 speaks for itself, Summit denies any allegations set forth in Paragraph 35 of the Complaint that are inconsistent with the image. Summit denies any remaining allegations set forth in Paragraph 35 of the Complaint.

36.     Summit denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Summit admits the CCRD issued a determination ("Determination").  However, Summit denies that the Determination is correct and accurate.  While the Determination speaks for itself, Summit denies any allegations set forth in Paragraph 37 of the Complaint that are inconsistent with the Determination. Summit denies any remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Summit admits the CCRD issued a Determination.  However, Summit denies that the Determination is correct and accurate.  While the Determination speaks for itself, Summit denies any allegations set forth in Paragraph 38 of the Complaint that are inconsistent with the Determination. Summit denies any remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Summit denies the allegations set forth in Paragraph 39 of the Complaint.

## FIRST CLAIM FOR RELIEF
## Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.
### *Failure to Hire – Disparate Treatment*

40. Summit incorporates its responses to Paragraphs 1-39 of the Complaint as if fully set forth herein.

41. The allegations set forth in Paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 41 of the Complaint.

42. Summit denies the allegations contained in Paragraph 42 of the Complaint.

43. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and, therefore, denies the same.

44. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and, therefore, denies the same.

45. Summit denies the allegations set forth in Paragraph 45 of the Complaint.

46. Summit denies that Plaintiff applied for an open diver position at Casa Bonita or that he was rejected for a position. Summit admits it sought and hired qualified individuals who applied for diver position at Casa Bonita. Summit denies any remaining allegations set forth in Paragraph 46 of the Complaint.

47. Summit denies the allegations set forth in Paragraph 47 of the Complaint.

48. Summit denies the allegations set forth in Paragraph 48 of the Complaint.

49. Summit denies the allegations set forth in Paragraph 49 of the Complaint.

## SECOND CLAIM FOR RELIEF
**Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621,** *et seq*.
*Failure to Hire – Disparate Impact*

50. Summit incorporates its previous responses to Paragraphs 1-49 of the Complaint as if fully set forth herein.

51. Summit denies the allegations contained in Paragraph 51 of the Complaint.

52. The allegations set forth in Paragraph 52 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 52 of the Complaint.

53. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Summit denies the allegations set forth in Paragraph 54 of the Complaint.

55. Summit denies the allegations set forth in Paragraph 55 of the Complaint.

56. Summit denies the allegations set forth in Paragraph 56 of the Complaint.

57. Summit denies the allegations set forth in Paragraph 57 of the Complaint.

58. Summit denies the allegations set forth in Paragraph 58 of the Complaint.

59. Summit denies the allegations set forth in Paragraph 59 of the Complaint.

60. Summit denies the allegations set forth in Paragraph 60 of the Complaint.

61. Summit denies the allegations set forth in Paragraph 61 of the Complaint.

## THIRD CLAIM FOR RELIEF
**Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111,** *et seq.*
*Failure to Hire (Perceived Disability) – Disparate Treatment*

62. Summit incorporates its responses to Paragraphs 1-61 of the Complaint as if fully set forth herein.

63. The allegations set forth in Paragraph 63 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 63 of the Complaint.

64. Summit denies the allegations contained in Paragraph 64 of the Complaint.

65. The allegations set forth in Paragraph 65 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 65 of the Complaint.

66. The allegations set forth in Paragraph 66 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 66 of the Complaint.

67. Summit denies the allegations set forth in Paragraph 67 of the Complaint.

68. Summit is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint, and, therefore, denies the same.

69. Summit denies the allegations set forth in Paragraph 69 of the Complaint.

70. Summit denies the allegations set forth in Paragraph 70 of the Complaint.

71. Summit denies that Plaintiff applied for an open diver position at Casa Bonita or that he was rejected for a position. Summit admits it sought and hired qualified individuals who applied for diver position at Casa Bonita. Summit admits it sought and hired qualified individuals who applied for open diver positions at Casa Bonita. Summit denies any remaining allegations set forth in Paragraph 71 of the Complaint.

72. Summit denies the allegations set forth in Paragraph 72 of the Complaint.

73. Summit denies the allegations set forth in Paragraph 73 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.***
*Failure to Hire (Perceived Disability) – Disparate Impact*

74. Summit incorporates its responses to Paragraphs 1-73 of the Complaint as if fully set forth herein.

75. The allegations set forth in Paragraph 75 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 75 of the Complaint.

76. Summit denies the allegations contained in Paragraph 76 of the Complaint.

77. The allegations set forth in Paragraph 77 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Summit denies the allegations contained in Paragraph 77 of the Complaint.

78. Summit denies the allegations set forth in Paragraph 78 of the Complaint.

79. Summit denies the allegations set forth in Paragraph 79 of the Complaint.

80. Summit denies the allegations set forth in Paragraph 80 of the Complaint.

81. Summit denies the allegations set forth in Paragraph 81 of the Complaint.

82. Summit denies the allegations set forth in Paragraph 82 of the Complaint.

**SUMMIT'S RESPONSE TO PLAINTIFF'S PRAYER(S) FOR RELIEF**

The contents of the paragraph beginning with "Wherefore, Plaintiff . . ." and its subparts constitute a request for damages to which no response is required. To the extent a response is required, Summit denies all allegations contained in the prayer for relief. Summit further denies that Plaintiff is entitled to any recovery in this action.

**GENERAL DENIAL**

Summit generally denies each and every allegation contained in the Complaint to the extent not specifically admitted herein. Summit specifically denies that Plaintiff is entitled to any damages from Summit in connection with the claims asserted in the Complaint.

Summit reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined through discovery and to voluntarily withdraw defenses if discovery fails to provide a basis to support the same.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff fails to state a claim supporting an award for damages.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies and/or to satisfy administrative prerequisites.

4. Summit's conduct and actions were based on reasonable business factors other than age or disability.

5. Summit's conduct and actions concerning Plaintiff were wholly based on legitimate and non-discriminatory reasons.

6. Summit's hiring practices for diver positions are lawful and necessary to operate its business safely and efficiently and to substantially accomplish its purpose.

7. Plaintiff's damages are barred by failure of a condition precedent.

8. Punitive damages are unwarranted because Summit did not act maliciously or with reckless disregard for Plaintiff's rights.

9. Plaintiff's punitive damages request deprives Summit of property without due process of law in violation of Summit's rights under the United States Constitution and analogous provisions of the applicable state constitution. Further, the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

10. Plaintiff has failed to mitigate his damages.

11. Plaintiff's damages, if any, are the result of his own actions or inactions, over which Summit has no control.

12. Plaintiff's damages, if any, are speculative and unknown.

13. Plaintiff's claims may be barred by the doctrines of estoppel, laches, and/or unclean hands.

14. Plaintiff's claims are substantially groundless and frivolous, and Summit is entitled to an award of attorney fees and costs pursuant to C.R.S. § 13-17-102.

15. Plaintiff is not entitled to an award of prejudgment interest even if he prevails on his claims because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

WHEREFORE, Defendant Summit Family Restaurants d/b/a Casa Bonita respectfully requests that the Complaint be dismissed with prejudice and that Summit be awarded its attorney fees and costs to the extent permitted by law, and for such other relief as the Court deems just and proper.

Respectfully submitted this 12th day of November, 2020.

**MOYE WHITE LLP**

By: */s/ Abigail L. Brown*
    Rebecca B. DeCook (#14590)
    Abigail L. Brown (#46172)
    Caleena S. Braig (#51762)
    MOYE WHITE LLP
    1400 16th Street, 6th Floor Denver,
    Colorado 80202-1027
    Telephone: (303) 292-2900
    Facsimile: (303) 292-4510
    Email:  becky.decook@moyewhite.com
    Email:  abby.brown@moyewhite.com
    Email:  caleena.braig@moyewhite.com

    *Attorneys for Defendant*

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Claire E. Hunter, Esq.
Jesse K. Fishman, Esq.
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, CO 80202
*Attorneys for Plaintiffs*

/s/    Abigail L. Brown