IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03156-LTB

SAMUEL HERNANDEZ,

    Plaintiff,

v.

SUMMIT FAMILY RESTAURANTS INC. D/B/A CASA BONITA,

    Defendant.

---

**JOINT STIPULATED PROTECTIVE ORDER**

---

Upon consideration of the parties' Joint Motion for Entry of a Stipulated Protective Order and it appears to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1. The Parties have reviewed the Court's practice standards and have tailored the proposed Protective Order accordingly.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery rules created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to Fed. R. Civ. P. 26(c) and the terms of this Protective Order.

3. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a), and specifically includes electronically stored information and other data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

4. Information designated "CONFIDENTIAL" shall be information that is relevant to this case and that implicates common law and statutory privacy and confidentiality interests and includes but is not limited to: (a) Summit Family Restaurant d/b/a Casa Bonita's ("Casa Bonita" or "Defendant") trade secrets as defined by Colo. Rev. Stat. § 7-74-101, *et seq.*, and Defendant's confidential commercial, proprietary, or financial information that is either privileged or maintained as confidential in the ordinary course of business; (b) personnel or personal information of the Plaintiff and Casa Bonita's current or former employees including, but not limited to, payment, medical, and other confidential information in which the current or former employee has a reasonable expectation of privacy; and (c) any other confidential material qualifying for protection under Fed. R. Civ. P. 26(c). CONFIDENTIAL Information shall not be disclosed or used for any purpose except for the preparation and trial of this case and is subject to disclosure only under the terms of this Protective Order.

5. CONFIDENTIAL documents, materials, and information (collectively "CONFIDENTIAL information" or "CONFIDENTIAL material") shall not, without the consent of the party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed, except that such information may be disclosed, solely for this case: to attorneys actively working on this case; to persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in preparation for trial, at trial, or other proceedings in this case; to the parties, including the designated representatives for the parties; any individual identified by a party as a person with knowledge under Fed. R. Civ. P. 26(a), but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such recipient agrees to be bound by the terms of this Protective Order;

expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; to the Court and its employees ("Court Personnel") and jurors; to stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; to deponents, witnesses, or potential witnesses; at trial, or any appeal or other court proceeding in this case; copy services; Mediators and Arbitrators agreed to and retained by the Parties in connection with this action; and to other persons by written agreement of the parties.

6.  Before disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, jurors, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

7.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Except for depositions, which are discussed below in Paragraph 12, information, documents, and other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Stipulated Protective Order is issued may be retroactively designated in the same manner.

8.  In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and drives, portions thereof, or digital

3

images of data storage disks or drives, such information may be designated as CONFIDENTIAL in written communication or an electronic mail message to the non-producing party.

9. Before any information is designated "CONFIDENTIAL," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the documents and information are confidential under the standards of Fed. R. Civ. P. 26(c) and the applicable case law. The parties acknowledge that any designation of information as CONFIDENTIAL must meet the requirements of Fed. R. Civ. P. 26(g) as if such designation were a signature or certification under Fed. R. Civ. P. 26(g). By stipulating to the form of this Protective Order, no party waives the right to object to the production or disclosure of particular CONFIDENTIAL information or concedes that another party has shown a compelling need for discovery of particular CONFIDENTIAL information.

10. Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as CONFIDENTIAL to the author or recipient of the document.

11. An inadvertent failure to designate documents and information as CONFIDENTIAL shall not constitute a waiver of a claim of confidentiality and shall be corrected once discovered by prompt supplemental written notice designating the documents and information as CONFIDENTIAL. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly non-designated documents shall promptly notify any persons to whom they previously sent such improperly non-designated documents with their obligations set forth in Paragraph 6.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) calendar days after notice by the court reporter of the completion of the transcript.

13. A party may object to the designation of particular CONFIDENTIAL information by giving timely written notice to the party designating the disputed information . The parties must meet and confer in an attempt to resolve the dispute via telephone or face to face and attempt to discuss a compromise.  After conferring on this issue, if the Parties cannot resolve the objection within ten (10) days after the time the notice is received, the Designating Party shall coordinate a call with all counsel and the Court's Chambers, in accordance with the Court's practice standards. While the Parties are conferring regarding the dispute and until the Court resolves the dispute, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order. In any proceeding to change the designation of Confidential Information, the burden shall be upon the Designating Party to establish that good cause exists for the Disputed Information to be classified as CONFIDENTIAL.

14. This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, motions, at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL

documents may be used, this Protective Order does not waive any right of any party to file a motion to restrict public access to all or a portion of papers and documents filed with the Court.

15. When filing any documents that contain information designated CONFIDENTIAL, the party filing such documents must move the Court to restrict public access to the documents, and follow all procedures for restricting access to such Confidential Discovery Material at a Level 1 restriction level pursuant to D.C.COLO. L. Civ. R. 7.2. If the filing party does not intend to file the document under seal, the filing party shall confer with all parties' counsel concerning the filing of documents designated CONFIDENTIAL before filing such documents. <u>Nothing in this Order may be construed as restricting any document and/or information from the public record.</u>

16. This stipulation shall be binding on the Parties upon filing with the Court, before its entry as a Protective Order. Should the Court not enter this stipulation as a Protective Order, it shall remain binding upon the Parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation. Once entered, this Protective Order shall remain in effect during this Court's jurisdiction over this action, unless and until the Court enters a Protective Order to the contrary.

17. The provisions of this Order shall, absent written permission of a Designating Party or further Order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment, or decree finally disposing of all litigation. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall: be returned to the party that designated it CONFIDENTIAL, destroyed by counsel, or preserved

by counsel in a manner that is fully consistent with the terms of this Protective Order and the attorneys' law firm's office procedures. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contains CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except pursuant to a court order or agreement with the Designating Party.

18.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, ~~whether~~ when inadvertently or not affirmatively used or permitted to be used ~~otherwise~~, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

19.     Nothing in this Protective Order shall be deemed to preclude any party from reviewing documents for relevance and privilege before production to the opposing party. This Stipulated Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility, or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or objecting to discovery that the party or other person believes to be improper. This Stipulated Protective Order shall also not be deemed or construed as a waiver

of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any party, person, or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Stipulated Protective Order shall be construed to limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source. Nothing in this Protective Order shall be deemed to preclude any Party from seeking to file, on an appropriate showing, a motion to restrict to protect CONFIDENTIAL Information, as that Party may consider appropriate.

20. If a Receiving Party is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material, that person shall give prompt written notice, by hand or email transmission, within seven calendar (7) days of its receipt of a subpoena, demand, or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena, demand, or legal process seeking Confidential Discovery Material.

21. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

22. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

ORDERED this 1st day of February, 2021.

                    BY THE COURT:

                    *[signature]*

                    United States Magistrate Judge Nina Y. Wang


APPROVED:

| | |
|---|---|
| MOYE WHITE LLP | HKM EMPLOYMENT ATTORNEYS LLP-DENVER |
| | |
| *s/Abigail L. Brown* | *s/ Jesse Kay Fishman* |
| Rebecca B. DeCook #14590 | Jesse Kay Fishman #44807 |
| Abigail L. Brown #46172 | Claire E. Hunter #39504 |
| Caleena S. Braig, #51762 | 730 17th Street, Suite 750 |
| 16 Market Square, 6th Floor | Denver, CO  80202 |
| 1400 16th Street, Suite 600 | Main: 720-668-8989 |
| Denver, CO  80202 | jfishman@hkm.com |
| Main:  (303) 292-2900 | chunter@hkm.com |
| becky.decook@moyewhite.com | |
| abby.brown@moyewhite.com | *Attorneys for Plaintiff Samuel Hernandez* |
| caleena.braig@moyewhite.com | |
| | |
| *Attorneys for Defendant Summit Family Restaurants d/b/a Casa Bonita* | |

9